# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **REGINALDO C.,** | Civil Action No. 18-10856 (JLL) |
| Petitioner, | |
| v. | OPINION |
| **ORLANDO RODRIGUEZ,** | |
| Respondent. | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Reginaldo C., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government has filed responses to Petitioner's petition, (ECF Nos. 6, 8), and Petitioner has filed a reply, (ECF No. 7). For the following reasons, Petitioner's habeas petition is denied without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Brazil who entered the United States in December 1998 as a non-immigrant temporary visitor with authorization to remain in the United States until May 31, 1999. (ECF No. 6-1 at 2–3). Petitioner, however, did not depart and remained in the United States without authorization. (ECF No. 6-1 at 3). During his time in this country, received a conviction for driving under the influence of liquor ("DUI") in May 2011, and was thereafter arrested in June 2017 for drug possession. (ECF No. 6-1 at 3). The drug charged was later reduced to a disorderly conduct charge in April 2018. (ECF No. 6-1 at 23).

1

While Petitioner was in custody on the drug charge, he was served with a notice to appear, taken into immigration custody pursuant to 8 U.S.C. § 1226(a), and charged with being removable based on his overstay. (ECF No. 6-1 at 4). Petitioner thereafter requested a bond hearing. (ECF No. 6-1 at 9–11). On May 7, 2018, an immigration judge conducted a bond hearing and denied Petitioner bond after concluding that Petitioner's DUI conviction and drug charged proved him to be a danger to the community. (ECF No. 6-1 at 18). Petitioner thereafter requested and received a custody redetermination hearing on May 23, 2018. (ECF No. 6-1 at 23). At that time, the immigration judge again denied Petitioner bond, finding that Petitioner's DUI conviction and his drug charge, which the immigration judge noted had resulted in a disorderly conduct charge, continued to indicate he was a danger to the community. (ECF No. 6-1 at 23). On that same day, the immigration judge also ordered Petitioner removed. (ECF No. 6-1 at 20–21). Petitioner ultimately appealed, and the Board of Immigration Appeals remanded the case for a written or oral decision on the record in July 2018. (ECF No. 6-1 at 14). On August 20, 2018, the immigration judge rendered that decision and returned the matter to the Board. (ECF No. 6-1 at 14). As of the last filing in this matter, Petitioner's appeal remained pending before the Board, and Petitioner therefore remains detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 6-1 at 14).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is

currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## III. <u>ANALYSIS</u>

In his petition, Petitioner contends that he has been held overlong and that his continued detention absent a new bond hearing would therefore violate Due Process under the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015), both of which were abrogated in part by the Supreme Court's recent decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Both of those cases, however, were concerned only with mandatory detention without bond pursuant to 8 U.S.C. § 1226(c), not discretionary detention under § 1226(a), the provision applicable to Petitioner, who has already received both a bond hearing and a bond redetermination hearing. *See Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 277–80 (3d Cir. 2018). The analysis required for evaluating the lawfulness of mandatory detention under § 1226(c) announced in *Diop* and *Chavez-Alvarez* is "inappropriate in the context of § 1226(a)," and provides no basis for relief for those who have received "meaningful process" in the form of a bona fide bond hearing before an immigration judge. *Id.* at 278–79. Indeed, where a Petitioner has received a bona fide bond hearing, this Court is without jurisdiction to review the immigration judge's discretionary decision to deny bond. *Id.* at 279; *see also* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 5, 2016). Once an alien has received a bond hearing before an

3

immigration judge, this Court may therefore not review the judge's determination as to bond, and may not order a second bond hearing without proof of some "constitutional defect" or some other legal violation that in some way rendered the bond hearing less than bona fide. *Borbot*, 906 F.3d at 279; *Pena*, 2016 WL 74410, at *2–3; *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013).

In this matter, Petitioner contends only that his detention has become overlong and that he is therefore entitled to a bond hearing. Petitioner, however, has already received both a bond hearing and a bond redetermination hearing. In his filings, Petitioner has not identified any constitutional defect nor in any way alleged facts which, if proven, would show that his bond hearings were anything less than bona fide. It is thus clear that Petitioner has received all of the meaningful process to which he is due, and that Petitioner has failed to show that he is entitled to further relief via his current habeas petition. *See Borbot*, 906 F.3d at 277–79; *Pena*, 2016 WL 74410 at *2–3. Petitioner's disagreement with the immigration judge's finding that Petitioner was a danger to the community and should therefore not be released on bond does not alter this analysis. *See* 8 U.S.C. § 1226(e). Petitioner's petition is therefore denied without prejudice.[1]

---

[1] For the first time in his reply brief, Petitioner also argues, without providing any support for the assertion other than his belief, that the Government has a history of imposing unreasonable bond amounts. (ECF No. 7 at 2). Petitioner therefore requests that the Government be enjoined from imposing excessive bonds. As noted above, this Court is without authority to review the discretionary decision of an immigration judge as to the amount of bond imposed, 8 U.S.C. § 1226(e), and Petitioner has in any event never been granted bond and has not shown his entitlement to a new bond hearing in this matter. Petitioner's claim is entirely speculative and would in any event not provide him with any current benefit, and is thus denied.

## IV. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's petition for a writ of habeas corpus, (ECF No. 1), without prejudice. An appropriate Order accompanies this Opinion.

HON. JOSE L. LINARES,
Chief Judge, United States District Court